**HORWITZ, Plaintiff-Appellant—Appellee, v. PEPSI COLA BOTTLING CO. et, Defendant-Appellee—Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21042. Decided November 15, 1948.

Howard E. Lurie, Lester Okum, Cleveland, for plaintiff-appellant—appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellee—appellant.

(NICHOLS, J of the 7th Appellate District sitting by designation in place of MORGAN, J of the 8th Appellate District.)

## OPINION

By NICHOLS, J.

In this case Milton Horwitz, the plaintiff, in his second amended petition asserts liability against The Pepsi Cola Bottling Company, the defendant, for injuries alleged to have been received when struck by an automobile truck of that company driven by one Micatrotto, an employee of defendant company.

The petition is not based upon any claim of liability of the employer for negligence of its employee while in the course of employment, but is founded solely upon the claim of the plaintiff that the Pepsi-Cola Bottling Company, with knowledge had entrusted its motor vehicle to an incompetent minor who had not been licensed to operate an automobile.

The Pepsi-Cola Bottling Company in its answer admitted that Micatrotto was an employee of the defendant company and denied that it permitted a minor employee to operate a motor vehicle owned by it; denied that at the time and place set forth by plaintiff it was operating a motor vehicle; denied that plaintiff was injured in the manner or to the extent set forth in the second amended petition; denied that it was careless or negligent in any manner whatsoever and for want of knowledge as to the facts, denied each, every, all and singular the allegations contained in plaintiff's petition which are not expressly admitted to be true.

The trial resulted in a verdict for plaintiff in the sum of $4,000.00 against Micatrotto and the Pepsi-Cola Bottling Company. No appeal has been prosecuted by Micatrotto.

The Pepsi-Cola Bottling Company duly filed a motion for new trial and a separate motion for judgment notwithstanding the verdict. The motion for new trial was overruled in the trial court to which ruling the Bottling Company excepted and has appealed to this court on questions of law and has filed its assignments of error and brief to which reference will be hereafter made.

The trial court sustained the defendant's motion for judgment notwithstanding the verdict and rendered judgment in its favor from which the plaintiff has duly filed his appeal to this court on questions of law.

This is the second appearance of the case in this court. As appears by the transcript, upon the first trial of this

case, the trial court after the empanelling of the jury and the submission of plaintiff's case, sustained the motion then made by the defendant Bottling Company for judgment in its favor, from which an appeal to this court was duly prosecuted by plaintiff, and the judgment of the trial court was reversed on the gropund that "substantial justice had not been done the party complaining as shown by the record of the proceeding and judgment under review." Such reversal necessarily implied that the record disclosed facts requiring the case to go to the jury. Motion to certify was overruled by the Supreme Court and the cause retried.

On the second trial of the case the jury returned its verdict for plaintiff in the sum of $5,000.00 and motions for new trial and for judgment notwithstanding the verdict were filed by the Bottling Company. The motion for judgment notwithstanding the verdict was overruled but a new trial was granted on that motion. No appeal was prosecuted from such orders and the cause came on again for trial and resulted in the verdict against both defendants for $4,000.00 from which the two appeals first above referred to have been duly prosecuted to this court.

In determining whether the trial court was in error in sustaining the motion of the Bottling Company for judgment notwithstanding the verdict, we believe the law governing such cases is succinctly stated in the first paragraph of the syllabus in the case of **Morgan, appellee, v. Hunsicker, appellant,** decided by the Court of Appeals for Butler County and reported in **42 Ohio Law Abstract, 289.** The paragraph of the syllabus referred to is as follows:

"1. Motions by the defendant for a directed verdict and for judgment notwithstanding the verdict for the plaintiff are properly overruled where there is substantial evidence in support of the plaintiff's case and conflicting evidence at the close of all the evidence, thereby making it the sole province of the jury to determine the facts."

For the purpose of applying the law as just stated, we have carefully examined the evidence contained in the bill of exceptions and arrive at the same conclusion as upon the first appeal to this court, that is, that there is substantial evidence in support of plaintiff's case and conflicting evidence at the close of all the evidence, thereby making it the sole province of the jury to determine the facts.

Therefore, the common pleas court was in error in granting the motion of the Bottling Company for judgment, notwithstanding the verdict; that such error is prejudicial to the

appellee and this court must reverse the judgment of the trial court and render the judgment which should have been rendered therein. unless we find that the motion of the defendant Bottling Company, for a new trial, should have been sustained by the trial court, upon one or more of the grounds set forth in that company's assignments of error, which are as follows:

"1. The trial court erred in failing to give defendant-appellee's special request to charge before argument number two.

2. The trial court erred in its general charge.

3. The trial court erred in overruling defendant-appellee's motion for a new trial.

4. The trial court erred in overruling defendant-appellee's motions for judgment made at the end of the plaintiff's case and at the close of all the evidence.

5. The trial court erred in the admission of evidence over objection.

6. The verdict of the jury is excessive.

7. Other errors apparent in the record."

The fourth assignment of error is answered by what we have heretofore said, in passing upon the right of the appellant to judgment notwithstanding the verdict.

The facts in this case clearly distinguish it from the case strongly relied on by the appellant, entitled, **Cleveland Railway Company v. Orwit, 124 Oh St 134.** In that case there were facts which merely gave rise to an inference of negligence on the part of the defendant, which inference was counterbalanced or overcome by facts positively testified on behalf of defendant and not denied by plaintiff.

We are not disposed to be critical of the Supreme Court in that case although much has been said by that court in subsequent cases which casts doubt as to the correctness of that decision. It is sufficient here to say that we are not dealing with mere inferences to be drawn from the evidence, rebutted or dispelled by positive facts which were not denied by plaintiff. Here we find positive facts testified to as shown by the record from which facts, if true, the jury might properly find that defendant, with knowledge. entrusted its motor vehicle to a minor who was incompetent to operate it and who had not been licensed to operate it.

True, at the time of the commission of the negligent acts of the minor, which caused the injuries to the plaintiff, he was not acting in the performance of any service for his employer, but, we believe that is immaterial to the

right of the plaintiff to recover in this case if the evidence reasonably tended to establish that the company permitted the minor to use the motor vehicle for his own convenience or about his own business with knowledge at the time that he was an incompetent minor who had not been licensed by the State of Ohio to operate a motor vehicle.

True, also, is it that the defendant presented testimony that it did not permit or authorize the minor to operate its truck at the time, and the testimony of Micatrotto on that subject is likewise conflicting, but such conflict in the evidence made the issue one to be decided by the jury and did not present a situation where reasonable minds could arrive at but one conclusion, and that favorable to the defendant, after giving to all the evidence the interpretation most favorable to plaintiff.

The fourth assignment of error is not well founded.

We are not able· to find that the verdict of the jury is excessive. Two juries have passed upon the case, the first assessing plaintiff's damages at $5,000.00 and the second at $4,000.00 We are not disposed to interfere with the verdict on the ground that it is excessive.

Our attention has not been directed to any incompetent evidence admitted over the objection of the defendant nor have we observed any such.

It follows that the trial court did not err in overruling the defendant's motion for a new trial, unless error intervened, in failing to give defendant's request No. 2 to charge before argument, or in the general charge of the court to the jury. Defendant's request No. 2 is quite long and separated into four lengthy paragraphs. It is sufficient here to quote the first paragraph thereof as follows:

"I say to you that one of the issues in this case with respect to the defendant Pepsi-Cola Bottling Company, is the question of whether or not that defendant permitted Alfred Micatrotto to drive its motor vehicle at the time of the accident here in question and I say to you that permission, whether express or implied, is to be determined only by the acts of the party to be charged with such permission. Thus, I say to you that in determining this issue you are to consider whether from the acts of the Company or its authorized agents, servants and officers, permission was given."

The quoted language clearly demonstrates that the court did not err in refusing the requested charge. It is not the law that permission, whether express or implied, is to be determined **only** by the acts of the party to be charged with such permission. Such permission **could** be shown by acts

of Micatrotto done in the presence of the defendant with its knowledge and without objection by one having authority to object. In other words, such permission may be shown by evidence of all the circumstances existing at the time.

There was no error in failing to give the requested charge.

The only error complained of in the general charge to which our attention has been directed, consists of the following statement made therein:

"In the absence of evidence to the contrary, under such circumstances it may be inferred that such party consents to the continued performance of those things previously acquiesced in."

There being evidence of a substantial character tending to establish that the defendant previous to the day that the minor employee negligently drove its truck and injured plaintiff had operated the truck with the acquiescence' of defendant and with knowledge that he was a minor incompetent to operate the same and without license to operate it, we cannot find prejudicial error arising from the quoted statement of the court, considered in the light of the entire charge.

We have examined and carefully considered all of the errors assigned on behalf of defendant and find none prejudicial to it and therefore it is the duty of this court to remand this case to common pleas court with instructions to enter judgment in favor of the plaintiff and against the defendant Bottling Company, in accordance with the verdict of the jury.

Judgment reversed for error in sustaining defendant's motion for judgment in its favor notwithstanding the verdict of the jury and cause remanded with instructions to overrule such motion and render judgment in favor of plaintiff against The Pepsi-Cola Bottling Company for $4,000.00 in accordance with the verdict of the jury. Exceptions noted. Order See Journal.

HURD, PJ, SKEEL, J, concur.